UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **JOHANNAH BENNETT** ) | Case Number |
| ) |  |
| **Plaintiffs** ) |  |
| ) | **CIVIL COMPLAINT** |
| vs. ) |  |
| ) |  |
| **CREDITORS FINANCIAL** ) | **JURY TRIAL DEMANDED** |
| **GROUP, LLC** ) |  |
| **Defendant** ) |  |
| ) |  |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Johannah Bennett, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Johannah Bennett, is an adult natural persons and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in the Commonwealth of Pennsylvania and Plaintiff resides in this District.

### III. PARTIES

4. Plaintiff, Johannah Bennett, is an adult natural person residing at 260 Springton Road, Upper Darby, PA 19082.

5. Defendant, Creditors Financial Group, LLC ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 3131 South Vaughn Way, Suite 120, Aurora, CO 80014.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. In or around early September 2008, Defendant, by and through its agents, including but not limited to Colby Smith, Ms. Tenet and Mr. Hardy began a series of harassing phone calls to Plaintiff's mother, Mrs. Bennett in regards to a debt allegedly owed by Plaintiff to Bank of America. Defendant called Mrs. Bennett's home and cell phone.

8. Mrs. Bennett has informed Defendant's agents numerous times that they were calling the wrong person. Defendant continued to place calls to Plaintiff's mother, sometimes as many as 10 per day. Defendant's agents have told Mrs. Bennett that Plaintiff had given them her number. Plaintiff avers that she did not give Defendant her mother's phone numbers.

9. Plaintiff's mother felt compelled to end her cellular phone service, which she had had for several years, in an effort to stop the frequent and harassing phone calls from Defendant. However, Defendant continued to call Ms. Bennett's home phone on a daily basis, sometimes multiple times per day.

10. In or around early October 2008, Defendant began a series of harassing and abusive phone calls to Plaintiff's cell phone. Numerous messages were left, the nature of which violated the FDCPA.

11. Simultaneously, Defendant continued to harass Plaintiff's mother daily on her home phone.

12. In or around October 2008, Defendant also began calling Plaintiff's aunt, Barbara Bennett. Plaintiff's cousin, a 12 year old girl, picked up one of these calls and was told by Defendant's agent that "it was an urgent matter and Johannah Bennett had to call back immediately". This message frightened Plaintiff's young cousin, who immediately called her mother, Plaintiff's aunt, at work. Plaintiff's cousin thought something bad might have happened to Plaintiff.

13. On November 3, 2008, Defendant's agent, Mr. Hardy left a message on Plaintiff's cell phone. He stated that he was calling from Bank of America and "a complaint had been filed with his office". He left a callback number of 877-298-2251, which is owned by Defendant.

14. On November 6, 2008, Defendant's agent, Mr. Hardy left a message on Plaintiff's cell phone. He once again stated that he was calling from Bank of America and that Plaintiff's "immediate attention was required to avoid further action in accordance with Pennsylvania State laws".

15. On December 18, 2008, Defendant's agent, Ms. Tenet left a message on Plaintiff's cell phone. Ms Tenet claimed to be with the "Finalization Department" and said she needed to "move forward" and demanded a callback "immediately today".

16. Ms. Tenet left a subsequent and similar message on December 22, 2008.

17. The intentional deceptions on the part of the Defendant are in violation of the FDCPA.

18. The constant and repetitive third party contact precipitated by the Defendant is in violation of the FDCPA.

19. Defendant did not send Plaintiff a 30 day validation notice as required by Federal law.

20. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

21. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

22. The Defendant acted in a false, deceptive, misleading and unfair manner when they, without permission from the Plaintiff, communicated with persons other than the Plaintiff that the Plaintiff owes a debt and made such communications on multiple occasions.

23. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and

their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT 1 – FDCPA

27. The above paragraphs are hereby incorporated herein by reference.

28. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692b(1), b(2), b(3), c(a)(1), c(b), d, d(5), d(6), e, e(2), e(5), e(7), e(10), e(11), e(14), f and g.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Creditors Financial Group, LLC for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
## (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

30. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

31. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL").  Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

32. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

33. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

34. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

35. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

36. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

37. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

   a. Actual damages;

   b. Treble damages;

   c. An award of reasonable attorneys fees and expenses and costs of court; and

   d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

38. The foregoing paragraphs are incorporated herein by reference.

39. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

40. The UTPCPL proscribes, <u>inter alia</u>, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

41. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, <u>inter alia</u>:

    a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

    b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    c. Defendant failed to comply with the FDCPA and FCEUA which are <u>per se</u> violations of the UTPCPL.

42. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

43. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in her favor and against Defendant, and Order the following relief:

    a. An Order declaring that Defendant violated the UTPCPL;

    b. Actual damages;

    c. Treble damages;

    d. An award of reasonable attorney's fees and expenses and cost of suit; and

     e.     Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  January 23, 2009**     **BY:**   */s/  Bruce K. Warren*
                                              Bruce K. Warren, Esquire
                                              Warren & Vullings, LLP
                                              1603 Rhawn Street
                                              Philadelphia, PA  19111
                                              215-745-9800   Fax 215-745-7880
                                              Attorney for Plaintiff